IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| VINCENTE GUERRERO AND PRISCILLA CHAPA, INDIVIDUALLY AND AS NEXT FRIENDS OF G.C.G., MINOR, § § § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. 7:20-CV-306 |
| § | |
| POLARIS INDUSTRIES INC., ELLIFF MOTORS HGN., LTD. D/B/A ELLIFF MOTORS, and DELTA LAKE IRRIGATION DISTRICT, § § § § § | |
| Defendants. § | |

## POLARIS INDUSTRIES INC.'S NOTICE OF REMOVAL

Polaris Industries Inc., ("Polaris") removes the action entitled: *Vincente Guerrero and Priscilla Chapa, individually and as Next Friends of G.C.G., Minor v. Polaris Industries, Inc., Elliff Motors HGN., Ltd. d/b/a Elliff Motors, and Delta Lake Irrigation District*, Case No. C-3068-20-C, formerly pending in the 139th District Court for the County of Hidalgo, Texas to the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. §§ 1441, 1446, and all applicable laws.

### I.   COMMENCEMENT AND SERVICE

On September 8, 2020, Plaintiffs commenced this action by filing their Petition in the 139th District Court for Hidalgo County. Plaintiffs Vincente Guerrero and Priscilla Chapa, individually, and on behalf of their minor son, allegedly sustained injuries while operating a 2019 Polaris RZR, a recreational off-highway vehicle; Defendant Elliff Motors purportedly sold the Polaris RZR; and

the Polaris RZR's seatbelts purportedly did not protect them or their son when they lost control of the vehicle on property operated by Defendant Delta Lake Irrigation District. *Id.*, ¶¶ 5.2-5.9, ¶ 5.6.

On September 14, 2020, Plaintiffs served Polaris with service of process. Ex. C-2.

On October 5, 2020, Polaris filed its Original Answer and Affirmative Defenses to Plaintiffs' Original Petition. Ex. C-3.

## II.     GROUNDS FOR REMOVAL

28 U.S.C. § 1332 permits removal, as the properly joined parties are diverse and the requisite amount in controversy is satisfied. Plaintiffs are citizens of Texas, and Polaris is a Delaware corporation, with its principal place of business in Minnesota. The amount in controversy sought in Plaintiffs' Petition exceeds $75,000 exclusive of interest and cost (Plaintiffs seek over $1,000,000.00), and the removal is timely filed within 30 days of receiving service of suit. *See* 28 U.S.C. § 1446(b)-(c); TEX. R. CIV. P. 47.

Venue is proper in the Southern District of Texas, McAllen Division because this case is removed from 139th District Court for the County of Hidalgo, Texas—within Southern District of Texas, McAllen Division. 28 U.S.C. §§ 1441(a), 1446(a).

No consent to removal is necessary because, as explained below, Polaris is the only properly named defendant. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (if improper joinder is alleged, requiring consent of improperly joined parties "would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists.").

## III.    DEFENDANTS ELLIFF AND DELTA LAKE ARE IMPROPERLY JOINED

Plaintiffs allege Delta Lake Irrigation District is a Texas governmental entity. Plaintiffs do not state Elliff Motors' citizenship but allege Elliff Motors is a "domestic limited partnership." Ex. C-3 ¶¶ 2.4 & 2.5. Polaris presumes, therefore, that Elliff Motors is also a citizen of Texas. But because Plaintiffs have no basis for recovery against either Elliff Motors or Delta Lake Irrigation

2

District, they are improperly joined, and their citizenships are not considered by the Court when determining diversity jurisdiction.

### A. Standard of Review

"[T]he test for fraudulent joinder is whether … there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or nondiverse] defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).[1] A "mere theoretical possibility of recovery under local law" will not preclude finding improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (same, citing *Ross*).

In reviewing a petition, the "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. The pleadings must contain either direct allegations on every material point necessary to sustain a recovery or else contain allegations from which an inference fairly may be drawn that sufficient evidence will be introduced at trial. *See Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006). Conclusory allegations or legal allegations masquerading as factual conclusions will not suffice. *Id.* at 421.[2]

---

[1] A defendant can also establish improper joinder by establishing "actual fraud in the pleading of jurisdictional facts." *Smallwood*, 385 F.3d at 573.

[2] Additionally, the district court may pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. The removing party can submit evidence outside the pleadings to establish a plaintiff has no reasonable basis to expect recovery from the resident defendant. *Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390. For example, a defendant may submit affidavits supporting its removal petition. *B., Inc. v. Miller Brewing Co.*, 663 F.2d at 549; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). District courts may consider summary judgment-type evidence to identify "discrete facts" showing a defendant was improperly joined. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 915-916 (5th Cir. 2009).

### B. Plaintiffs Have No Reasonable Expectation They Will Obtain Relief Against Defendants Elliff Motors or Delta Lake Irrigation District

#### 1) Elliff Motors is improperly joined.

Plaintiffs allege they purchased the Polaris RZR from Elliff Motors. Ex. C-1, ¶ 5.3. But Plaintiffs do not plead any other specific conduct, much less negligent conduct, related to Elliff Motors. Elliff Motors, according to Plaintiffs' Petition, is a non-manufacturing seller, and under Texas law: "A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves":

1. The seller participated in the design of the product;

2. The seller altered the product in such a way to cause the damages;

3. The seller installed or assembled the product incorrectly causing the damage;

4. The seller controlled the content of deficient warnings and the harm resulted from the deficient warnings;

5. The seller made false factual representation or warranties about the product and the injury would not have occurred had the representation been true;

6. The seller "actually" knew the product was defective; or

7. The manufacture is either insolvent or not subject to the court's jurisdiction.

TEX. CIV. PRAC. AND REM. CODE § 82.003.

Plaintiffs do not specifically allege a single enumerated exception to provide a plausible basis for recovery against Elliff Motors. Instead, Plaintiffs generally allege in conclusory fashion—which the Court must disregard—that Elliff somehow participated "in the design, manufacture, marketing" of the vehicle. *See Rios*, 444 F.3d at 21 (5th Cir. 2006); s*ee also Williams v. Avon Prod., Inc.*, No. 4:19-CV-02337, 2019 WL 6040073, at *5 (S.D. Tex. Oct. 24, 2019), report and recommendation adopted, No. 4.19-CV-02337, 2019 WL 6038525 (S.D. Tex. Nov. 14, 2019) (holding seller was improperly joined when plaintiff failed to plead exception under Section 82.003); *Evans v. Kawasaki Motors Corp., USA*, CIV. A. H-15-659, 2015 WL 4434073, at *8

(S.D. Tex. July 17, 2015) (same); *Garcia v. Nissan Motor Co., Ltd.*, No. CIV. A. M-05-59, 2006 WL 869944, at *6 (S.D. Tex. Mar. 30, 2006) (same). Plaintiffs, therefore, fail to state a claim against Elliff Motors, and Plaintiffs have no reasonable basis for recovering against Elliff Motors.

### 2) Delta Lake Irrigation District is improperly joined.

Delta Lake Irrigation District, as a governmental unit, is generally immune from tort liability unless the Texas Legislature waives immunity. *See Harris County v. Dillard*, 883 S.W.2d 166, 168 (Tex.1994). While Plaintiffs' Petition mentions the Texas Tort Claims Act ("TTCA"), specifically, TEX. CIV. PRAC. AND REM. CODE § 101.021(2), permitting claims against governmental entities when "personal injury and death so caused by a condition or use of … real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law," "[m]ere reference to the Tort Claims Act does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court." *State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). "The plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity." *Nunez*, 197 S.W.3d. at 840 (citing *Miller*).

Here, Plaintiffs fail to plead any specific facts showing the governmental unit's liability if it were a private person, stating only that "[t]he incident was caused by a premises defect which was not visible to Plaintiffs, but which Defendant DELTA LAKE IRRIGATION DISTRICT owed a duty of care to warn about or remedy, but which it failed to." Ex. C-3, ¶ 8.2. Plaintiffs' conclusory allegation is inadequate to show waiver of immunity and a reasonable basis for recovery. *Miller*, 51 S.W.3d at 587; *Nunez*, 197 S.W.3d. at 840. Plaintiffs' pleadings fall far short of showing any plausible claim against Delta Like Irrigation District and allege only they sustained personal injury caused by a condition on real property. *See also Norwood v. Indus. Warehouse Servs., Inc.*, No. 1:17-CV-396, 2018 WL 1464660, at *3 (E.D. Tex. Mar. 2, 2018), report and recommendation

adopted, No. 1:17-CV-396, 2018 WL 1463381 (E.D. Tex. Mar. 23, 2018). ("[Plaintiff's] original petition is a threadbare recital of some elements of a TTCA claim supported by conclusory statements without factual allegations to back up the statements.").

Because Plaintiffs have no reasonable basis to overcome any government immunity, Delta Lakes is improperly joined. Thus, Delta Lake's citizenship is disregarded during the Court's diversity jurisdiction analysis.

## V.   NOTICE

Polaris will give notice of the filing of this removal to all parties of record under U.S.C. § 1446(d). Polaris will also file notice with the Hidalgo Country District Clerk, and will serve on all parties, a notice of the filing of this Notice of Removal.

## VI.   EXHIBITS TO THIS NOTICE OF REMOVAL

1. These documents are attached to this Notice as correspondingly lettered exhibits.

Exhibit A.   Index of Matters Being Filed

Exhibit B.   State Court Docket Sheet

Exhibit C.   Documents filed in the State Court Action:

- C-1   Plaintiffs' Original Complaint
  Filed: September 8, 2020

- C-2   Citation Issued to Polaris Industries Inc.
  Issued: September 9, 2020; Returned: September 14, 2020

- C-3   Polaris Industries Inc.'s Original Answer and Affirmative Defenses to Plaintiffs' Original Petition
  Filed: October 5, 2020

- C-4   Elliff Motors' Original Answer to Plaintiffs' Petition
  Filed: September 21, 2020

- C-5   Delta Lake's Original Answer to Plaintiffs' Petition
  Filed: October 5, 2020

Exhibit D.   Certificate of Interested Parties and Rule 7.1 Disclosure Statement

Exhibit E.    List of Counsel of Record

## VII.    CONCLUSION

When the Court disregards the improperly joined parties, there is complete diversity of citizenship between the parties. Plaintiffs are Texas citizens. Polaris is a Delaware and Minnesota citizen, and because the amount in controversy exceeds $75,000 exclusive of interest and costs and because the removal is timely, the Court has jurisdiction under 28 U.S.C. § 1332(a). Thus, Defendant Polaris Industries Inc., under the statutes cited here and in conformity with the requirements in 28 U.S.C. § 1446, removes this action from the 139th Judicial District Court of Hidalgo County, Texas to this Court.

Dated: October 5, 2020                    Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: */s/ David T. McDowell*
    David T. McDowell
    Texas Bar No. 24051009
    William D. Thomas
    Texas Bar No. 24083965
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    Telephone: 713-337-5580
    Facsimile: 713-337-8850
    david.mcdowell@mhllp.com
    william.thomas@mhllp.com

*Attorneys for Defendant Polaris Industries Inc.*

## **CERTIFICATE OF SERVICE**

      This is to certify that the foregoing has been served in accordance with the Federal Rules of Civil Procedure this 5th day of October, 2020 to the following counsel of record:

    John G. Escamilla, Esq.
    ESCAMILLA LAW FIRM
    1021 Marlin Avenue
    McAllen, Texas 78504
    Phone: 956.618.4999
    Facsimile: 888.635.4715
    john@escamillalawfirm.com

    Terry Canales, Esq.
    TERRY CANALES ATTORNEY AT LAW, LLC
    2727 W. University Drive
    Edinburg, Texas 78539
    Phone: 956.316.2223
    Facsimile: 956.316.2229
    tcanales@rgvattorney.com

    Randall G. Walters
    WALTERS, BALIDO & CRAIN, L.L.P.
    Meadow Park Tower
    Suite 1500
    10440 North Central Expressway
    Dallas, Texas 75231
    Phone: 214.760.1670
    Facsimile: 214.749.4805
    WaltersEDocsNotifications@wbclaw.com

    Ricardo J. Navarro
    John-Michael W. Hayward
    DENTON NAVARRO ROCHA BERNAL & ZECH, P.C.
    701 E. Harrison
    Suite 100
    Harlingen, Texas 78550
    Phone: 956.421.4904
    Facsimile: 956.421.3621
    rjnavarro@rampagelaw.com
    jmhayward@rampagelaw.com

                                                */s/ David T. McDowell*
                                                  David T. McDowell